560 A.2d 204

**COMMONWEALTH of Pennsylvania**

v.

**Dennis L. YOUNG, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 29, 1989.

Filed June 13, 1989.

138

Ellen B. Sheehan, West Chester, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before DEL SOLE, MELINSON and HOFFMAN, JJ.

DEL SOLE, Judge:

In this appeal we are asked to assess the implications of an approximately three and a half (3½) year delay between the conclusion of Appellant's non-jury trial and the rendering of the verdict of guilty on the charge of driving under the influence of alcohol or controlled substance. 75 Pa.C. S.A. § 3731(a)(1).

The facts leading to this delay are as follows. Appellant was tried non-jury by President Judge Sugarman on July 7, 1983. Following the trial, and at the request of the parties, closing argument was deferred until August 4th, 1983. Then nothing further occurred in this case until December 19, 1986, three years and four months later, when the court, again with the President Judge on the bench, rendered the verdict of guilty as charged. No reason for the delay appears on the record, and it was apparent that neither party's counsel brought the delay to the trial court's attention. After a hearing, post-trial motions, including a motion based upon Appellant's claimed deprivation of his speedy trial rights, were denied, and the Appellant was sentenced to one year non-reporting probation, payment of a $300.00 fine, and payment of the costs of prosecution.

Appellant raises several issues on appeal which all concern the excessive delay between trial and verdict. We agree that this delay resulted in the deprivation of Appellant's right to a speedy trial under the Sixth Amendment of the U.S. Constitution and made applicable to the states through the Fourteenth Amendment, and accordingly we

dismiss the charges against Appellant. *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972).

At the outset, we must determine whether the Sixth Amendment applies to delays in rendering a verdict. Neither the Pennsylvania courts nor the United States Supreme Court have expressly held that a delay in rendering a verdict is part of a trial for the purposes of the Speedy Trial clause. However, our court has recently made explicit what was assumed in previous cases in our court and the Pennsylvania Supreme Court, that the Sixth Amendment applies to delays from the time the accused is arrested or criminally charged, up through the time the accused is sentenced. *Commonwealth v. Greer*, 382 Pa.Super. 127, 554 A.2d 980 (1989), *also see, Commonwealth v. Glover*, 500 Pa. 524, 458 A.2d 935 (1983); *Commonwealth v. Atkinson*, 364 Pa.Super. 384, 528 A.2d 210 (1987).

■ Given that a sentencing delay may cause a deprivation of speedy trial rights, it is clear that a delay in rendering a verdict, which occurs earlier in the proceedings and is a prerequisite for sentencing and post-trial motions, must necessarily implicate those same rights. We will therefore determine whether the three and one-half (3½) year delay between trial and verdict constituted a violation of Appellant's right to a speedy trial.

■ Here, the trial court, after determining that this Sixth Amendment right was at issue, turned to the application of the balancing test first enunciated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the conduct of both the prosecution and the defendant are weighed. *Commonwealth v. Glover, supra*, 500 Pa. at 528, 458 A.2d at 937; *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981). We agree that the application of this test which requires assessing four factors, the length of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant, was mandated in the present case.

First, the trial court found that the first factor, the length of the delay, which is to some extent a triggering device, was sufficiently long to warrant further inquiry. We note that Pa.R.Crim.P., Rule 1122, 42 Pa.C.S.A., provides that a verdict shall be rendered in all non-jury cases, "within seven (7) days after trial." It is apparent that a verdict rendered some forty months after the conclusion of a non-jury trial not only constitutes a gross violation of the Rule, but is certainly sufficient to trigger further inquiry.

Next, the trial court noted that the responsibility for the delay rested with the Court and the Commonwealth, because although the delay was not deliberate, no reason for the delay appears in the record and the Commonwealth failed to call the matter to the trial court's attention.

■ Next, the trial court found that the Appellant affirmatively asserted his Sixth Amendment right. The court noted that at the evidentiary hearing Appellant testified that he called his trial counsel as to the disposition of the case on at least two dozen occasions, and the trial counsel confirmed this testimony. We agree that Appellant's frequent inquiries constitute affirmative assertions of this right under the circumstances. Individuals with no legal training would naturally and normally turn to their attorney in order to press for the resolution of their case and inquire as to the disposition of the proceedings.

After finding that there was sufficient delay to trigger the balancing test, that the court and the Commonwealth were responsible for the delay through oversight, and that Appellant was diligent in asserting his right, the court then found that there was no deprivation of Appellant's right to a speedy trial because there was no prejudice to his Sixth Amendment interests. This we believe was error.

*Barker v. Wingo* and its progeny mandate a balancing test. As was stated in *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973), *"Barker v. Wingo,* expressly rejected the the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial." Thus none of the

final three factors, including possible prejudice to the Appellant, is either necessary or sufficient to the finding of a deprivation of the right, and each must be considered and weighed together.

■ Instantly, the trial court made no attempt to balance these factors together. Once it found that the burden of periodically calling the bail agency failed to rise to the required level of prejudice, it held that there was no violation of Appellant's right to a speedy trial. If all four factors had been considered together, it would have been clear that three of the four weighed heavily for Appellant and in favor of the conclusion that the court and the Commonwealth did not discharge their duty to make a diligent, good-faith effort to make a speedy disposition of the proceedings. *Id.*, at 414 U.S. at 26, 94 S.Ct. at 190; *see, Commonwealth v. Glover, supra.*, 500 Pa. at 530, 458 A.2d at 938.

Moreover, the trial court's decision rested heavily on the fact that Appellant was free on bail during the 42 month delay, and was only required to periodically report to the bail agency. However, the Court has stated in this regard that the prejudice from inordinate delay may, "seriously interfere with the defendant's liberty, whether he is free on bail or not and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Moore v. Arizona, supra.*, 414 U.S. at 27, 94 S.Ct. at 190, *citing, United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Appellant was on bail for three and one-half years. He was required to report by telephone once a week for about two years and subsequently once a month. His liberty and freedom to travel were restricted. Although it is not necessary under *Moore* and *Barker* to affirmatively demonstrate the existence of prejudice to the defendant in order to prove a denial of the constitutional right to a speedy trial, *Id.*, 414 U.S. at 26, 94 S.Ct. at 189, there is, in fact, evidence that Appellant's liberty was restricted. Significantly, Appellant

was required to report to the authorities both before the verdict was rendered, as a condition of bail, and after punishment was imposed, as a condition of his year's probation. Furthermore, the delay created anxiety and embarrassment for a period of some three years.

Most importantly, however, when balancing the factors which must be considered under *Barker*, we conclude that in light of the inordinate delay, the affirmative assertion of speedy trial rights, the responsibility for that delay resting with the court and the Commonwealth, and the degree that Appellant's liberty interests were prejudiced, Appellant was denied his constitutional right to a speedy trial.

Accordingly, we vacate Appellant's conviction and sentence and dismiss the charges.