CAVANAUGH, Judge.
 

 Ismael Figueroa appeals from the judgment of sentence of twenty-three months probation with conditions of psychiatric care and a prohibition against operating a motor vehicle.
 

 Appellant was convicted at a non-jury trial of criminal attempt to lure a child into a motor vehicle. The crime of luring a child into a motor vehicle was enacted as part of the kidnapping chapter of the Crime Code in 1990 as follows:
 

 18 Pa.C.S.A. § 2910
 

 Luring a child into a motor vehicle
 

 A person who lures a child into a motor vehicle without the consent, express or implied, of the child’s parent or guardian, unless the circumstances reasonably indicate that the child is in need of assistance, commits a misdemeanor of the first degree.
 

 1990, Feb. 2, P.L. 6, No. 4, § 3, effective in 60 days.
 

 At trial, there was little dispute as to the facts. Katie (age eleven) and Caroline (age 7) Gutekunst live with their parents and brother at 30 Brook Drive, Furlong, PA. On March 18, 1993, they left home to get the bus for school which was starting two hours late because of the aftermath of a severe snowstorm which had affected the area. The bus stop was about 2 blocks away from their home, and, together with a neighbor boy, they proceeded single file and somewhat separated along Brook Drive with Caroline bringing up the rear. She testified that a man in a white car came up to her and asked her name and asked if she wanted a ride to the bus stop. When Caroline refused, the man moved the car forward to Katie who stated that the car had pulled out of a neighbor’s driveway; that the driver stopped and talked to Caroline and then came forward and asked Katie her name and whether she would like a ride to school. She identified appellant in the courtroom as the man who approached her and her sister. After the dual refusals, the car went forward and eventually
 
 *572
 
 changed its direction in another driveway and left the area. It is significant to note that the episode was sufficiently disquieting to Caroline that she retained certain characters from appellant’s license plate which she related to her father the next night and which led to appellant’s arrest.
 

 Figueroa’s testimony was that he was in the neighborhood on business and that he offered to give the first child a ride when he saw the child fall in the snow. He also stated that he offered a ride to the other children.
 

 On appeal, appellant attacks the sufficiency of the evidence to support the verdict, and makes constitutional challenges to the statute and to the sentence of the court. We review the insufficiency claim by considering the evidence in a light most favorable to the Commonwealth and accept as true all evidence and reasonable inferences flowing therefrom which, if believed, could support the verdict.
 
 Commonwealth v. Rivera,
 
 432 Pa.Super. 88, 637 A.2d 997 (1994).
 

 The trial court read the statute as a strict liability offense which may be breached by violation of its provisions regardless of motive. Appellant’s challenge does not go to the attempt aspect of his conviction, but argues that implicit in the statute is a requirement that there be an intent to harm, and would read
 
 Commonwealth v. Adamo,
 
 431 Pa.Super. 529, 637 A.2d 302 (1994) to support this contention. We do not read
 
 Adamo,
 
 however, to require a showing of an intent to harm. It is true that in that case the offer of the defendant to the child can be seen as an invitation to sexual misconduct, but the court clearly based its affirmance on a strict reading of the language of the statute:
 

 The evidence in this case consisted mainly of the testimony of the intended victim. The intended victim testified that he was approached by Adamo and offered one thousand dollars for one-half hour of work. The intended victim also testified that Adamo would not tell him the kind of work involved unless he accompanied Adamo to Adamo’s car. Thus, the intent of Adamo to lure his planned victim into his car is apparent. By approaching the intended victim and
 
 *573
 
 offering one thousand dollars for one-half hour of work, Adamo took a substantial step toward the crime of luring a child into a motor vehicle.
 

 Commonwealth v. Adamo,
 
 431 Pa.Super. at 534-35, 637 A.2d at 305.
 

 Testing appellant’s conduct by the prohibition of the statute, we agree that the evidence is sufficient to support the conviction. The only problematic concept presented by the prohibitory language is that it extends to a person who “lures” a child into a vehicle. Both the trial court here and the Superior Court in
 
 Adamo
 
 noted the broad definition of this word in our language. See 1 Pa.C.S.A. § 1903;
 
 Commonwealth v. Stanley,
 
 498 Pa. 326, 328, 446 A.2d 583 (1982). So understood as an “inducement to gain” it is easy to see that the offer, as viewed by the offeror (whose conduct is under scrutiny), of a ride to school on a day when snow and ice made passage by foot difficult, could be welcomed as a favorable enticement by the pedestrian children. We have held that criminal intent or guilty knowledge is an essential element of a criminal offense, though the legislature may define a crime so that proof of criminal intent or guilty knowledge is unnecessary. In such case, the culpability or
 
 mens rea
 
 is established by proof that the person acted intentionally, knowingly or recklessly.
 
 Commonwealth v. Hogan,
 
 321 Pa.Super. 309, 468 A.2d 493 (1983);
 
 Commonwealth v. Cheatham,
 
 419 Pa.Super. 603, 615 A.2d 802 (1992); 18 Pa.C.S.A. § 302 General Requirement of Culpability-
 

 The gravamen of the present crime is luring a child into a motor vehicle. We have stated above that inviting the children into his car with a promise of a ride to school or the bus stop, which appellant here agrees that he did, is sufficient to meet the prohibitions of the statute. This knowing conduct we believe meets the requirement of culpability. 18 Pa.C.S.A. § 302(b)(2). That there may have been no intent to harm is not relevant since this is not a requirement of the act. Children in our society are taught by their parents and teachers that they should never accept a ride from strangers. It is likely that the Gutekunst children in the present instance were
 
 *574
 
 acting in response to this training including the act of the seven year old in remembering part of the license number of appellant. It is a perfectly reasonable and efficacious enactment for the legislature to declare that an adult should not, under penalty of law, invite a child (without the parents consent which may be implied) into his car. Viewing this crime as a threshold prophylactic rule for the terrible crime of kidnapping, we conclude that it is a legitimate exercise of the legislature’s discretion, to prohibit persons from offering rides to children under any invitational pretext.
 

 We conclude that the instant crime does not require a showing of intent to harm and that appellant was in knowing violation of the prohibited conduct.
 

 In a similar vein, appellant argues that the statute is constitutionally invalid due to its vagueness and (separately) due to its overbreadth.
 

 Constitutional issues are reviewed subject to certain rubrics. All doubt is to be resolved in favor of constitutionality.
 
 Singer v. Sheppard,
 
 464 Pa. 387, 346 A.2d 897 (1975); Where a reasonable interpretation would save constitutionality that interpretation should be adopted.
 
 Kadash v. City of Williamsport,
 
 19 Pa.Comwlth. 643, 340 A.2d 617 (1975);
 
 Commonwealth v. Monumental Properties,
 
 459 Pa. 450, 329 A.2d 812 (1974).
 

 Both the vagueness and overbreadth arguments were asserted and rejected in
 
 Adamo, supra.
 
 For the reasons stated therein and the reasons stated above, we reject these contentions.
 
 See also, Commonwealth v. Roth,
 
 366 Pa.Super. 575, 531 A.2d 1133 (1987).
 

 Appellant’s final issue relates to his sentence and argues that it is unreasonable for the court to prohibit him from operating a motor vehicle during the time of his probation which is twenty-three months. We find that appellant has failed to present a substantial question for our review. Pa.R.A.P. 2119(f);
 
 Commonwealth v. Tuladziecki,
 
 513 Pa. 508, 522 A.2d 17 (1987).
 

 
 *575
 
 The court, in its order of probation, imposed the probation against driving a motor vehicle pursuant to its authority to impose reasonable conditions on a sentence of probation. 42 Pa.C.S.A. § 9754(b) and (c).
 

 The court acted reasonably knowing that appellant was under psychiatric care and may not have been taking his medication.
 

 The court prudently opined:
 

 I will require that you undergo evaluation by an appropriate psychiatric team within two weeks of today’s date, that I be supplied with a copy of their report, and that you comply with any and all treatment recommendations they may make.
 

 I will require that you comply. Because this incident involves the use of an automobile, a condition of that probation is that you shall not drive. You shall not drive. You are not working, the car is the event which causes the most concern.
 

 Let me tell you that one of my concerns is, sir, my concern is that at sometime in the future you again cannot control yourself, either by failure to take medication or so forth, that you again attempt to get someone in your car, and I can make sure you do not if you don’t drive a car. That is better than confinement, sir.
 

 It was also noted that the instant crime occurred a few days after appellant’s discharge from the hospital and that he is subject to manic episodes and may undergo changes in behavior and become hypersexual.
 

 Judgment of sentence affirmed.