**COMMONWEALTH of Pennsylvania**

v.

**Gerald HALL.**

**Appeal of Commonwealth of Pennsylvania, Department of Transportation.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1999.

Filed Jan. 12, 2000.

Calvin Koons, Deputy Atty. Gen., Harrisburg, for appellant.

William F. Manifesto, Pittsburgh, for Hall, appellee.

Michael Streily, Deputy Dist. Atty., Pittsburgh, for Com., participating party.

Before CAVANAUGH, DEL SOLE, POPOVICH, JOHNSON, HUDOCK, FORD ELLIOTT, MUSMANNO, ORIE MELVIN, and LALLY–GREEN, JJ.

JOHNSON, J.:

¶ 1 In this appeal, we determine whether the trial court properly refused to extend protection from discovery to "accident reconstruction and visibility studies" in the possession of the Commonwealth of Pennsylvania, Department of Transportation (PennDOT). PennDOT asserts that the "studies" and related photographs are exempt from discovery by section 3754 of the Pennsylvania Motor Vehicle Code. We conclude that because the "studies" and relat-

ed photographs were not prepared by PennDOT, as required by section 3754(a), they are not exempt from discovery. Accordingly, we affirm the trial court's order denying PennDOT's motion to quash the subpoena.

¶ 2 This appeal arises out of a criminal action commenced by the District Attorney of Allegheny County (the Commonwealth) against defendant Gerald Hall. The Commonwealth charged Hall with, *inter alia,* vehicular homicide and driving under the influence in connection with the death of victim Gene Czysz. Czysz was riding in the passenger seat of Hall's pickup truck when Hall drove into a construction area on Route 51 in the City of Pittsburgh and struck a construction trailer. Czysz died as a result of injuries sustained in the impact.

¶ 3 The underlying events occurred on August 7, 1997. On September 4, 1997, City of Pittsburgh police officers and investigators conducted an investigation of the accident scene, which included photographs of the construction zone. Hall asserts that the police investigation was conducted in preparation for his prosecution to show that the construction zone was marked and lighted properly. Hall argues that the investigation was unreliable because sworn testimony at a coroner's inquest into Czysz's death demonstrated that PennDOT employees changed the layout and markings of the construction zone within two or three days after the accident. Consequently, Hall filed an omnibus pretrial motion requesting that the results of the investigation be excluded from evidence. The trial court deferred disposition of the motion pending the outcome of this appeal.

¶ 4 Subsequently, on Hall's motion, the court issued a subpoena *duces tecum* directing production, *inter alia,* of:

contracts and other documents identifying subcontractors or other entities providing traffic control functions at the site, including placement of traffic control devices; traffic protection plans;

photographs of the site; and documents identifying persons with knowledge of the reconstruction study performed by the Pittsburgh Police on September 4, 1997.

Brief for Appellee at 5. PennDOT provided limited compliance, but withheld photographs of both the construction zone and the accident site as well as documents related to the "reconstruction and visibility studies performed by the Pittsburgh Police." Brief for Appellee at 6. PennDOT asserted that the materials were protected from disclosure under section 3754(b) of the Motor Vehicle Code and moved to quash the subpoena. Brief for Appellant at 9. The trial court denied PennDOT's motion to quash, but granted its petition to certify the matter for appellate review pursuant to 42 Pa.C.S. § 702(b).

¶ 5 On appeal, a panel of this Court affirmed the trial court's order, concluding that the public policy the legislature sought to protect in promulgating section 3754 would not be compromised by disclosure of the materials sought by the subpoena. *Commonwealth of Pennsylvania, Dep't of Transp. v. Taylor,* 1999 PA Super 174. The Majority concluded accordingly that Hall's right to due process of law outweighed the statutory privilege. Judge Del Sole filed a Concurring and Dissenting Opinion concurring in the Majority's decision to affirm the trial court's order, but disagreeing with the Majority's analysis. Judge Del Sole reasoned that the materials that Hall sought to obtain were not within the scope of section 3754 because they were not compiled by PennDOT.

¶ 6 Subsequently, we granted reargument before the Court En Banc. PennDOT raises the following question for our review:

Whether a Defendant in a criminal proceeding may compel production of PennDOT in-depth accident investigations and safety studies which are protected from discovery by statute[?]

Brief for Appellant at 4.

¶ 7 PennDOT argues that the materials it withheld from Hall are protected by a

statutory privilege from disclosure under section 3754(b) of the Motor Vehicle Code. Brief for Appellant at 9. Section 3754(b) provides generally that "[i]n-depth accident investigations and safety studies and information, records and reports used in their preparation shall not be discoverable or admissible as evidence." PennDOT contends that, consequently, the materials are beyond the reach of the court subpoena. *Id.* at 11. PennDOT's analysis provides no discussion of section 3754(a).

¶ 8 Our Supreme Court has admonished that evidentiary privileges, such as that asserted by PennDOT, are held in disfavor and may be applied only for limited purposes under closely circumscribed conditions. *See Commonwealth v. Stewart*, 547 Pa. 277, 282, 690 A.2d 195, 197 (1997) (affirming trial court's refusal to quash subpoena directing production of records of Roman Catholic Diocese where subject matter of records was not within the scope of the statutory clergy-communicant privilege).

> '[E]xceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.' *Hutchinson[Hutchison] v. Luddy*, 414 Pa.Super. 138, 146, 606 A.2d 905, 908 (1992) (quoting *Herbert v. Lando*, 441 U.S. 153, 175 [99 S.Ct. 1635, 60 L.Ed.2d 115] (1979)). Thus courts should accept testimonial privileges 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.' *In re Grand Jury Investigation*, 918 F.2d 374, 383 (3d Cir.1990) (quoting *Trammel v. United States*, 445 U.S. 40, 46 [100 S.Ct. 906, 63 L.Ed.2d 186] (1980)).

*Stewart*, 547 Pa. at 282, 690 A.2d at 197. Consequently, though our standard of review of matters of law is plenary, we must construe narrowly the provisions of any privilege that operates to hamper a party's access to information potentially admissible in court. *Id.* Accordingly, we must scrutinize the circumstances under which the proponent of an evidentiary privilege wishes to apply the privilege to ascertain whether the information sought to be protected falls within the scope of the enabling legislation.

¶ 9 Upon review of section 3754, we conclude that the materials PennDOT seeks to protect do not fall within the scope of the evidentiary privilege on which PennDOT seeks to rely. Section 3754 provides, in its entirety, as follows:

§ 3754. **Accident prevention investigations**

(a) **General rule.** The department, in association with the Pennsylvania State Police, may conduct in-depth accident investigations and safety studies of the human, vehicle and environmental aspects of traffic accidents for the purpose of determining the causes of traffic accidents and the improvements which may help prevent similar types of accidents or increase the overall safety of roadways and bridges.

(b) **Confidentiality of reports.** In-depth accident investigations and safety studies and information, records and reports used in their preparation shall not be discoverable or admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the development, procurement or custody of in-depth accident investigations or safety study records or reports be required to give depositions or evidence pertaining to anything contained in such in-depth accident investigations or safety study records or reports in any legal action or other proceeding.

75 Pa.C.S. § 3754.

¶ 10 As is evident on the face of the statute, section 3754 is composed of two subsections, both of which apply specifical-

ly to "in-depth accident investigations and safety studies." Clearly, both subsections address the same subject matter. Under provisions of the Statutory Construction Act of 1932, when two such "[s]tatutes or parts of statutes ... relate to the same persons or things or to the same class of persons or things," they are in *pari materia* and must be construed together as a single provision. *See* 1 Pa.C.S. § 1932(a), (b). *See also Commonwealth v. Adamo*, 431 Pa.Super. 529, 637 A.2d 302, 305 (1994). Thus, although PennDOT attempts to rely on subsection (b) to the apparent exclusion of subsection (a), we conclude that the meaning and permissible operation of subsection (b) is discernible only when subsections (a) and (b) are read together. Subsection (b) purports, *inter alia*, to limit the purposes for which "in-depth accident investigations and safety studies" may be used in "legal actions or other proceedings." However, subsection (a), denominated "General Rule," empowers PennDOT to conduct "in-depth accident investigations and safety studies" only in a specific manner (i.e. "in association with the Pennsylvania State Police") and only for specific purposes (i.e. "determining the causes of traffic accidents and the improvements which may help prevent similar types of accidents or increase the overall safety of roadways and bridges"). Thus, upon reading the two subsections in *pari materia*, we conclude that an "in-depth accident investigation[ ][or] safety stud[y]" is rendered undiscoverable or inadmissible under subsection (b) only to the extent that it was compiled in conformity with subsection (a).

¶ 11 Upon review of the certified record, we conclude that the materials to which the court subpoena applied, and that PennDOT refused to produce under the auspices of subsection (b), were not compiled as "in-depth accident investigations and safety studies" in conformity with subsection (a). Subsection (a) empowers PennDOT to conduct such investigations and studies "in association with the Pennsylvania State Police" and prescribes the pur-

poses for which the investigations may be undertaken. In this case, the record establishes that the investigation in question was not conducted by PennDOT or the Pennsylvania State Police, but rather, was conducted by City of Pittsburgh police. The City of Pittsburgh, in turn, provided the records of its investigation to PennDOT consistent with the requirements of a reporting procedure mandated by statute. *See* 75 Pa.C.S. § 3751. In accordance with our standard of review, *see Stewart*, 547 Pa. at 282, 690 A.2d at 197, we must conclude that because the reports and investigative materials were compiled by a municipal police department, rather than by "[t]he [D]epartment, in association with the Pennsylvania State Police," they are not subject to protection under section 3754(b).

¶ 12 A conclusion to the contrary, as urged by PennDOT, would expand a disfavored evidentiary privilege and more importantly, contravene clear limitations on the scope of section 3754 imposed by subsection (a). Every police report or investigation, regardless of its origin, would be subject to the full panoply of protections otherwise due only "in-depth accident investigations and safety studies" conducted by "the [D]epartment, in association with the Pennsylvania State Police." All accident reports submitted to PennDOT would become privileged documents merely because they came into the possession of PennDOT, without legislative scrutiny or any consideration of the utility or harm inherent in proscribing disclosure. Such a result is in clear derogation of the plain language of section 3754(a). We cannot, by judicial fiat, expand this statutory privilege where the legislature has itself not chosen to do so.

¶ 13 Moreover, protection of police records in the possession of PennDOT equal to that provided PennDOT's "in-depth accident investigations and safety studies," would contravene related provisions of the Motor Vehicle Code specifically governing

production of police records. Section 3751, the provision under which the City of Pittsburgh provided PennDOT with the disputed records and reports, provides only limited protection to reports by police. Crucially, the section's protection is not co-extensive with that provided "in-depth accident investigations and safety studies" compiled by PennDOT under section 3754(a). Section 3751 provides:

§ 3751. **Reports by police**

(a) **General Rule.** Every police department that investigates a vehicle accident for which a report must be made as required in this subchapter and prepares a written report as a result of an investigation either at the time and at the scene of the accident or thereafter by interviewing the participants or witnesses shall, within 15 days of the accident, forward an initial written report of the accident to the department. If the initial report is not complete, a supplemental report shall be submitted at a later date.

(b) **Furnishing copies of report.** Police departments shall upon request, furnish at a cost not to exceed $15 a certified copy of the full report of the police investigation of any vehicle accident to any person involved in the accident, his attorney or insurer, and to the Federal Government, branches of the military service, Commonwealth agencies, and to officials of political subdivisions and to agencies of other states and nations and their political subdivisions. The copy of the report shall not be admissible as evidence in any action for damages or criminal proceedings arising out of a motor vehicle accident. Police departments may refuse to furnish the complete copy of investigation of the vehicle accident whenever there are criminal charges pending against any persons involved in the vehicle accident unless the Pennsylvania Rules

of Criminal Procedure require the production of the documents.

75 Pa.C.S. § 3751. Significantly, this provision, unlike section 3754, does not purport to shield investigative work product from discovery. Moreover, the provision requires explicitly, that police "shall upon request, furnish ... a certified copy of the full report of the police investigation of any vehicle accident to any person involved in the accident, [or] his attorney...." *Id.* § 3751(b). Though this provision prescribes limited circumstances under which *police* may refuse a request for disclosure, PennDOT does not allege that *its own* refusal to produce the documents in question was based on those circumstances. Indeed, PennDOT concedes that section 3751 would allow Hall access at least to any police report component of the material withheld. *See* Brief for Appellant at 17.

¶ 14 In view of the pronounced divergence in the levels of protection afforded investigative records compiled under sections 3751 and 3754, we cannot conclude that a police report or investigation compiled and reported under section 3751 may be subject to protection under section 3754. Section 3754(a) clearly limits the nature and origin of "in-depth accident investigations and safety studies" subject to protection. Accordingly, section 3754(b) protects only investigations and studies compiled by "[t]he [D]epartment, in association with the Pennsylvania State Police." Because the materials in question here were compiled by a municipal police department rather than by "[t]he [D]epartment, in association with the Pennsylvania State Police," they are not entitled to protection under section 3754(b). *See* 75 Pa. C.S. § 3754(a). Consequently, we find no error in the trial court's order refusing to quash the subpoena seeking production of the materials at issue, as described, *supra.*

¶ 15 Because we find that the materials in question are not entitled to protection under section 3754(b), we do not consider,

nor do we decide, whether a defendant in a criminal proceeding may compel production of "in-depth accident investigations and safety studies" conducted by Penn-DOT under section 3754(a).

¶ 16 For the foregoing reasons, we affirm the Order of March 9, 1998, denying PennDOT's Motion to Quash Subpoena Duces Tecum.

¶ 17 Order **AFFIRMED**.