Commonwealth v. Strouse

C.P. of Berks County, no. CP-06-CR-0045-2005.

*Jason Lutcavage,* for Commonwealth.
*Jay Nigrini,* for defendant.

SPRECHER, *J.,* March 24, 2006—On February 15, 2005, the Commonwealth of Pennsylvania filed a criminal information charging the defendant, Lynn A. Strouse, with criminal attempt to commit luring a child into a motor vehicle[1] and disorderly conduct.[2] At a bench trial on July 29, 2005, the defendant was found guilty of criminal attempt and not guilty of disorderly conduct.

On December 27, 2005, the defendant was sentenced to nine to 23 months in prison to be followed by three years probation. The defendant was found not to be a sexually violent predator.

---

1. 18 Pa.C.S. §901.
2. 18 Pa.C.S. §5503(a)(4).

## FACTS

On October 8, 2004, at approximately 1 p.m., K.L., a female juvenile born on July 27, 1988, was walking home alone from a local restaurant, along the street near Cassidy Court in Maidencreek Township, Berks County, Pennsylvania. The defendant, who neither K.L. nor her parents knew, was driving alone in a sport utility vehicle in the area. He stopped his vehicle next to K.L. and asked if she knew where Brooke Lynn Meadows was located. K.L. responded that she did not know where Brooke Lynn Meadows was. The defendant began to drive off but merely circled the block returning to K.L.'s location. He told K.L. that he would give her $100 if she helped him find Brooke Lynn Meadows. K.L. declined. The defendant questioned whether she liked spending money. At that point, another car arrived behind the defendant's vehicle so that he needed to move to avoid blocking the other car. K.L. then saw two women, whom she did not know, outside a nearby house. K.L., shaking and upset, approached them for help. The defendant drove past a few more times while the women were talking with K.L. One of the women telephoned the police.

K.L. was wearing a strapless, knee-length, sundress, and sneakers at the time. Her height and weight at the time were approximately five foot six inches and 140 pounds. She was wearing minimal make-up at the time, which did not cause her to appear older than she was.

Detective Sergeant Brian Horner of the Northern Berks Regional Police Department located the defendant's vehicle at a construction site a short distance from where

K.L. had seen the defendant. Detective Sergeant Horner spoke with the defendant at that site. The defendant provided a written statement that he had approached a female a short time earlier, had asked her for directions and if she was interested in earning some money. He estimated she was 18 or 19 years old. The defendant also admitted that his intention was to pay K.L. to have sex with him; however, this was not included in the defendant's written statement.

## ISSUE

The defendant's statement of matters complained of, filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), raises the following issue:

Whether this court erred in determining that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt as to criminal attempt to commit luring a child into a motor vehicle, because the Commonwealth failed to prove that the defendant possessed the required mens rea to lure a person under the age of 18 into his car.

## DISCUSSION

The crime of luring a child into a motor vehicle is defined in 18 Pa.C.S. §2910. At the time that the defendant approached K.L., this crime was defined as follows:

"A person who lures a child into a motor vehicle without the consent, express or implied, of the child's parent or guardian, unless the circumstances reasonably indicate that the child is in need of assistance, commits a

misdemeanor of the first degree." 18 Pa.C.S. §2910 (amended November 10, 2005, effective January 9, 2006).

For purposes of this statute, the word "child" is defined as a person less than 18 years of age. 18 Pa.C.S. §2908(b) and 18 Pa.C.S. §2904(a). The defendant's intent to lure K.L. is apparent from his offer of $100 for her to help him find Brooke Lynn Meadows. See *Commonwealth v. Figueroa,* 648 A.2d 555, 557 (Pa. 1994). The intent to harm is not required. *Id.* at 558.

In his concise statement of matters complained of on appeal, the defendant asserts that he lacked the required mens rea to lure a person under the age of 18 into his car. The mens rea for the element of age is not specifically stated in 18 Pa.C.S. §2910. Where the mens rea for an element of an offense is not otherwise provided, 18 Pa.C.S. §302(c) provides that "such element is established if a person acts intentionally, knowingly, or recklessly with respect thereto." *Commonwealth v. Gallagher,* 874 A.2d 49, 52 (Pa. Super. 2005). The Superior Court of Pennsylvania specifically applied the culpability requirements of 18 Pa.C.S. §302(c) to the luring element of this offense in *Figueroa* and to the age element in *Gallagher.* The Superior Court held that "the Commonwealth was required to prove, beyond a reasonable doubt, that [the defendant] either intentionally sought out the complainant because [s]he was under the age of 18, knew the complainant was under the age of 18, or, at the very least, was reckless as to the complainant's age." *Gallagher,* 874 A.2d at 53.

In *Gallagher,* the Superior Court reversed the trial court finding of guilt with respect to the charge of luring a child into a motor vehicle. The trial court had acquitted the appellant on a charge of corruption of minors based on his testimony that he reasonably, but mistakenly, believed that the 17-year-old victim was over the age of 18. A photograph admitted at trial supported that finding of mistaken belief as to the victim's age. The Superior Court noted "[t]his credibility determination makes ludicrous the court's subsequent finding that appellant knew he was dealing with a minor." *Id.* at 53. The trial court had seemed to determine that the victim looked younger than 18 for the purposes of 18 Pa.C.S. §2910 but older for purposes of the corruption of minors charge. The case at hand can be distinguished from *Gallagher* in two ways. First, there were no such conflicting findings by this court regarding the victim's age or defendant's belief as to her age in this case. This court unequivocally concluded that the victim appeared to be under the age of 18 at the time of trial. Second, in *Gallagher* the victim was older than K.L. and a photograph taken around the time of the offense showed that the victim appeared older than 18. In the instant case, K.L. still appeared substantially younger than 18 at the time of trial. She was just over 16 years old at the time of the offense. Based on her appearance, this court believed the juvenile to be under 18 at the time of trial, which was almost 10 months after the date of the offense. Notes of Test. 39:17-21 (July 29, 2005). "It is the function of the fact-finder to pass upon the credibility of the witnesses and to determine the weight to be accorded the evidence produced at trial. The fact-finder is free to believe all, part, or none of the

evidence introduced." *Commonwealth v. Adamo,* 637 A.2d 302, 304 (Pa. 1994). (internal citations omitted)

"A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." 18 Pa.C.S. §302(3).

The Commonwealth has proven that the defendant acted recklessly with respect to the victim's age, which is a material element of the offense. Given K.L.'s appearance, the risk that she was under 18 was substantial. The defendant clearly disregarded this risk and it is implausible that such disregard was not a conscious disregard. Given K.L.'s youth, the defendant cannot credibly argue that it did not occur to him that she may have been under 18. By his own written statement, the defendant said he thought K.L. was 18 or 19. Given the victim's appearance in court, this statement is unbelievable. Even if it were credible, he consciously disregarded the substantial and unjustifiable risk that she was a minor. His testimony that he believed her to be 18 or 19 shows that he consciously considered the victim's age but either intentionally chose to disregard it or recklessly did so. There was no justification for his conscious disregard of that risk. Considering that the defendant intended to have sexual intercourse with K.L. and that she actually appeared to be barely 16, his conduct was a gross devia-

tion from the standard of conduct that a reasonable person would observe.

The defendant possessed the required mens rea when he attempted to lure K.L. into his vehicle without the consent of her parents, when there was no indication that K.L. needed assistance, thereby committing the crime of criminal attempt to commit luring a child into a motor vehicle. For the foregoing reasons, the court respectfully requests that the defendant's appeal be denied and the sentence affirmed.