380 A.2d 911

**COMMONWEALTH of Pennsylvania**

v.

**Ernest BLACK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided Dec. 2, 1977.

540

Calvin S. Drayer, Jr., Assistant Public Defender, Norris-town, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was charged with retail theft under Sections 3929(a)(1) and (a)(2) [1] of the Pennsylvania Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1 *et seq.*, 18 Pa.C.S.A. § 101 *et seq.* A jury found him guilty. It was his third offense, and he was sentenced to two and one half to five years in prison.

The Commonwealth's evidence was to the following effect. Late in the afternoon of April 30, 1975, appellant was seen to take a tote bag from a shelf in the luggage department and remove the price tags and paper stuffing. Carrying the tote bag, appellant moved to the men's department, which was nearby. He subsequently put the tote bag back on the shelf, but a store detective apprehended him and he was found to be wearing a new Levi's denim suit that was missing a price tag but still had the manufacturer's ticket on the back of the jacket and the plastic cord to which the price tag had been fastened. The price tag was found in the men's department fitting room, along with appellant's clothing. The detective testified to having smelled alcohol on appellant's breath.

1. Section 3929, which has since been amended, *see infra*, provided:
   (a) A person is guilty of retail theft if he:
   (1) takes possession of any merchandise offered for sale by any store or other retail mercantile establishment with the intention of converting it to his own use without paying to the owner the value thereof; or
   (2) alters, transfers or removes any label, price tag or marking upon any merchandise offered for sale by any store or other retail mercantile establishment; or
   (3) transfers any merchandise offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the owner of all or some part of the value thereof.

The defense presented evidence that appellant's son had just died, that the funeral had been earlier in the afternoon of the day appellant was apprehended, and that appellant, who was under a doctor's care, had acted distracted at his home and had run out into the street shouting about the death of his son. Shortly after his arrest, appellant collapsed and was taken from the police station to a hospital.

Section 3929(a)(2) subjects to punishment anyone who "alters, transfers or removes any label, price tag or marking upon any merchandise offered for sale by any store or other retail mercantile establishment . . . ." While the section appears quite specific, appellant argues that it is unconstitutionally vague because it does not specify whether criminal intent is required. Thus, appellant says, it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden . . . ." *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972).

■ We choose to regard appellant's argument as presenting a question of statutory construction rather than of constitutional law. We do this because a court should only decide a case on constitutional grounds if necessary. *Lattanzio v. Unemployment Compensation Bd. of Review,* 461 Pa. 392, 336 A.2d 595 (1975) (U.S. Constitution); *Lynch v. Owen J. Roberts School Dist.,* 430 Pa. 461, 244 A.2d 1 (1968) (Pennsylvania Constitution).

■ Whether a given statute is to be construed as requiring criminal intent is to be determined by the court, by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature. *Commonwealth v. Bready,* 220 Pa.Super. 157, 286 A.2d 654 (1971). The legislature may define a crime so that proof of criminal intent is not necessary. *Commonwealth v. Grant,* 235 Pa.Super. 357, 341 A.2d 511 (1975). In *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959), our Supreme Court considered the subject matter of statutes that do not require proof of criminal intent:

In recent decades . . . many states have enacted detailed regulatory provisions in fields which are essentially noncriminal, e. g., pure food and drug acts, speeding ordinances, building regulations, and child labor, minimum wage and maximum hour legislation. Such statutes are generally enforceable by light penalties, and although violations are labelled crimes, the considerations applicable to them are totally different from those applicable to true crimes, which involve moral delinquency and which are punishable by imprisonment or another serious penalty. 397 Pa. at 580, 155 A.2d at 827.

█ Section 3929(a)(2) is not the sort of statute described in *Koczwara*. It is not regulatory and aimed at increasing the public welfare. Indeed, there would seem to be no significant purpose to making unlawful, in itself, the removal of store tickets without criminal intent. Moreover the penalties, which are prescribed in Section 3929(b), can be heavy.[2] Finally, if a legislature meant to say that a traditional crime, such as theft, could be proved without the evidence of criminal intent, it would have to say so clearly. *Commonwealth v. Bready, supra.* We therefore hold that the legislature intended criminal intent to be an element of the offense described in Section 3929(a)(2). While it is true that the language of Section 3929(a)(2) contrasts with that of Section 3929(a)(1) and (a)(3),[3] where intent to deprive the owner of the value of the goods is specifically required, the

**2.** That section, which has since been amended, *see infra,* provided:
(1) Any person committing the first offense of retail theft when the value of the merchandise is less than $100 is guilty of a summary offense.
(2) Upon conviction of a second offense when the value of the merchandise is less than $100, the person shall be guilty of a misdemeanor of the second degree.
(3) Upon commission of a third or any subsequent offense, regardless of the value of the merchandise, the person shall be guilty of a misdemeanor of the first degree.
(4) When the value of the merchandise shall be $100 or more, any person who shall commit the offense of retail theft whether same shall be a first or subsequent offense, shall be guilty of a misdemeanor of the first degree.

**3.** See footnote 1, *supra.*

conclusion we have reached is supported by the fact that the legislature has since amended Section 3929(a)(2) to require "the intention of depriving the merchant of the full retail value of such merchandise." 18 Pa.C.S.A. § 3929 (Supp. 1977).

Appellant requested that the jury be instructed that proof of criminal intent was required to convict him. The request was denied, and the instructions were:

Now, naturally, you have to have the intention of removing a tag. If a tag falls off accidentally, a person would not be guilty under that Section of transferring or removing any label, price tag or marking upon any merchandise. You'd have to have an intention to remove it from that garment as defined in the statute here. We talked about intention in the first count [*i. e.,* the charge of having violated Section 3929(a)(1)], intention of converting it to his own use without paying the owner the value thereof, and because the word doesn't include intention, and the second paragraph, I think it's only fair that you should realize that you have to have an intention to remove. If there's an accidental removal, a person will not be guilty under that Section.

N.T. at 73.

■ These instructions are not clear, and could have been understood as meaning that the Commonwealth only had to prove that appellant intended to remove the tag, and did not have to prove that he intended to deprive the merchant of the value of the goods.[4] This is particularly suggested by the distinction the instructions seem to make between, on the one hand, "the first count," where proof of "intention of converting" is necessary, and on the other hand, "the second paragraph." Thus, the instructions were erroneous.

■ Appellant requested a separate verdict on each of the two charges—the one under Section 3929(a)(1) and the other

4. To be sure, the judge might have instructed the jury that evidence of deliberate removal of a tag could be the basis of inferring the intent to deprive the owner of the value of the goods, but no such instruction was given.

under Section 3929(a)(2). The request, however, was denied, and the jury returned a general verdict. Since the jury could have found appellant guilty under either of the two charges, a new trial is required. *Commonwealth v. Haywood,* 464 Pa. 226, 346 A.2d 298 (1974).[5]

The judgment of sentence is vacated, and the case remanded for a new trial.

PRICE, J., dissents.

5. We therefore need not reach appellant's other assignments of error.