**[J-99-2013] [MO: Eakin, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 39 MAP 2011 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court dated August 16, 2010, at No. 2281 |
| | : EDA 2008, affirming the Judgment of |
| v. | : Sentence of the Court of Common Pleas |
| | : of Delaware County, Criminal Division, |
| | : dated March 17, 2008, at No. CP-23-CR- |
| FRED CHARLES MORAN, | : 0004579-2007 |
| | : |
| Appellant | : 5 A.3d 273 (Pa.Super. 2010) |
| | : |
| | : ARGUED :  May 9, 2012 |
| | : RESUBMITTED:  December 17, 2013 |

**CONCURRING AND DISSENTING OPINION**

**MR. JUSTICE BAER**                                        **DECIDED:  November 20, 2014**

I agree with the Majority's holding that the evidence was sufficient under the

bribery provision of the Crimes Code, 18 Pa.C.S. § 4701,[1] to sustain Appellant's

---

[1]      "Bribery in official and political matters" is defined in relevant part as follows:

   (a) Offenses defined.--A person is guilty of bribery, a felony of the third
   degree, if he offers, confers or agrees to confer upon another, or solicits,
   accepts or agrees to accept from another:
   (1) any pecuniary benefit as consideration for the decision, opinion,
   recommendation, vote or other exercise of discretion as a public servant,
   party official or voter by the recipient;
   (2) any benefit as consideration for the decision, vote, recommendation or
   other exercise of official discretion by the recipient in a judicial,
   administrative or legislative proceeding; or
   (3) any benefit as consideration for a violation of a known legal duty as
   public servant or party official.

(…continued)

conviction. I further agree that the default culpability provision of 18 Pa.C.S. § 302(c)[2] applies to the offense of bribery in official and public matters, that Section 4701 is not a strict liability offense, and that the trial court erred in refusing to instruct the jury regarding the applicable *mens rea*. Where I part with the Majority is its holding that the trial court's erroneous jury instruction was harmless. Because I cannot conclude that the error was harmless, I would vacate the conviction and remand for a new trial.

We have explained that "there is a long-standing tradition, which is reflected in the plain language of Section 302, that criminal liability is not to be imposed absent some level of culpability." Commonwealth v. Gallagher, 924 A.2d 636, 639 (Pa. 2007). Consequently, like the Majority, I would hold that Appellant was entitled to an instruction under Section 302(c) that the jury could not convict unless the Commonwealth established beyond a reasonable doubt that he had acted intentionally, knowingly, or recklessly. Such an instruction would have been consistent with governing law, as the Superior Court had already held that Section 302(c) supplied the level of culpability for a conviction for bribery under Section 4701. Commonwealth v. Parmar, 672 A.2d 314, 318 (Pa.Super. 1996) ("As applied here, the bribery statute does not specify the level of culpability applicable to the material elements of this offense. Consequently, it is

---

(continued…)

18 Pa.C.S. § 4701(a).

[2] This default culpability provision provides, in relevant part:

> (c) Culpability required unless otherwise provided.--When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

18 Pa.C.S. § 302(c).

sufficient to show that a person acted intentionally, knowingly or recklessly with respect to the material elements of the crime. <u>See</u> 18 Pa.C.S. § 302(c). . .”), <u>aff'd</u> 710 A.2d 1083 (Pa. 1998) (plurality).  Upon Appellant's request for an instruction in accord with Section 302(c), the trial court had no basis not to comply.

As we have explained, "when reviewing the adequacy of a jury instruction, we must consider the charge in its entirety to determine if it is fair and complete. The trial court has broad discretion in phrasing the charge and the instruction will not be found in error if, taken as a whole, it adequately and accurately set forth the applicable law." <u>Commonwealth v. Daniels</u>, 963 A.2d 409, 430 (Pa.  2009). Under the harmless error doctrine, we will affirm the judgment of sentence in spite of error by the trial court if we conclude beyond a reasonable doubt that the error did not contribute to the jury's verdict.  <u>Commonwealth v. Wright</u>, 742 A.2d 661 (Pa. 1999).

The trial court's instruction in this case mirrored the language of Section 4701, which omitted any reference to an express level of culpability. Accordingly, I cannot agree with the Majority's conclusion that the trial court's failure to apprise the jury of the *mens rea* necessary for a conviction was harmless error.  The record indicates that, after the jury began deliberating, it twice asked the trial court to repeat the definition of bribery.  Under such circumstances, I agree with Appellant that this demonstrates that the jury may have been confused by the trial court's failure to instruct them regarding the level of requisite culpability.  Without direction from the trial court, jurors could have concluded that although Appellant's conduct and comments did not rise to the level of recklessness (the minimum level of culpability in accord with Section 302(c)), they could convict him on the basis of strict liability.[3]  Because I cannot conclude beyond a

---

[3]     Section 302(b)(3) provides as follows:

(…continued)

reasonable doubt that the trial court's error did not contribute to the jury's verdict, see Wright, 742 A.2d 661, I would vacate the judgment of sentence and remand for a new trial.

Mr. Justice Saylor joins the dissenting portion of this concurring and dissenting opinion.

---

(continued…)

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).