**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONELL ANTOINE WYLIE, | |
| Appellant | No. 419 MDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001592-2015

BEFORE:  BOWES, OLSON AND RANSOM, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 28, 2017**

Appellant, Ronell Antoine Wylie, appeals from the judgment of sentence entered on January 12, 2017, following his bench trial convictions for possession of a firearm with altered manufacturer's number, firearms not to be carried without a license, possession with intent to deliver heroin, simple possession of heroin, possession of a small amount of marijuana, possession of drug paraphernalia, attempted escape, resisting arrest, and disorderly conduct.[1]  Upon review, we vacate Appellant's conviction and sentence with regard to the offense of possession of a firearm with altered manufacturer's

---

[1] 18 Pa.C.S.A. § 6110.2, 18 Pa.C.S.A. § 6105, 35 P.S. § 780–113(a)(30), 35 P.S. § 780–113(a)(16), 35 P.S. 780–113(a)(31), 35 P.S. 780-113(a)(32), 18 Pa.C.S.A. § 5121/901, 18 Pa.C.S.A. § 5104, and 18 Pa.C.S.A. § 5503, respectively.

number and affirm Appellant's remaining convictions.  Because our ruling disturbs the trial court's sentencing scheme, we must remand for resentencing.

We briefly set forth the facts and procedural history of this case as follows.  On August 17, 2015, officers of the Williamsport Police Department smelled burnt marijuana emanating from an automobile parked on Elmira Street.  Police asked Appellant, seated behind the driver, to exit the vehicle.  When Appellant did so, an officer observed an open bag of cigars and clear plastic bags on the back seat.  Police advised Appellant that he was under arrest and, when they began to handcuff him, Appellant tried to run.  Police grabbed Appellant by the torso and slammed him to the ground. A black handgun fell from Appellant's waistband.  The serial number on the handgun was abraded and difficult to decipher.  Appellant again tried to run, but police used a taser and pepper spray to subdue and place him in custody.  In a search incident to Appellant's arrest, police recovered 72 glassine envelopes containing a white powder, later determined to be heroin, cash, and a cellular telephone from Appellant's person.  In a subsequent search of the vehicle, police recovered a small amount of marijuana from inside a pack of cigars found in the backseat where Appellant was previously seated.

The trial court held a bench trial on November 16, 2016.  At its conclusion, the trial court found Appellant guilty of the aforementioned charges.  On January 12, 2017, the trial court sentenced Appellant to an

aggregate term of six to 12 years of imprisonment, followed by one year of probation, plus fines. More specifically, the trial court sentenced Appellant to three to six years of imprisonment for possession of a firearm with altered manufacturer's number followed by consecutive terms of 18 to 36 months of incarceration for carrying a firearm without a license and PWID. The remaining penalties either merged or were imposed concurrently to the aforementioned sentences. Appellant filed a post-sentence motion and a subsequent supplemental post-sentence motion on January 17, 2017 and January 19, 2017, respectively. In those filings, Appellant alleged, *inter alia*, that he was entitled to a judgment of acquittal on his conviction for possessing a firearm with an altered manufacturer's number. Appellant contended that the Commonwealth failed to present sufficient evidence that the manufacturer's number on the recovered firearm was illegible. By order and opinion entered on February 9, 2017, the trial court denied relief. This timely appeal resulted.[2]

_____

[2] Appellant filed a notice of appeal on March 7, 2017. On March 13, 2017, the trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors complained of on appeal. On March 31, 2017, Appellant complied timely. In his Rule 1925(b) statement, Appellant reiterated his argument that there was insufficient evidence to support his conviction for possession of a firearm with altered manufacturer's number because the serial number was still visible and legible at the time of trial. Appellant also averred that "there is a *mens rea* requirement for a conviction on this count" and "the Commonwealth failed to prove that [Appellant] knew that the serial number had been obliterated or that he acted with reckless disregard for the obliteration of the serial number." Concise

On appeal, Appellant presents the following issue for our review:

1. Whether the evidence presented at the non-jury trial is legally sufficient to sustain the court's guilty verdict on the charge of possession of a firearm with an altered manufacture[r's] number in violation of 18 Pa.C.S.A. § 6110.2?

Appellant's Brief at 7 (complete capitalization omitted).

Appellant contends that his conviction for possession of a firearm with an altered manufacturer's number was based upon insufficient evidence and, therefore, it must be vacated and the charge dismissed. Appellant offers two distinct arguments on this issue. First, he avers that "[a]lthough it appears that an attempt to obliterate a certain serial number on the [recovered] firearm had been made, it was unsuccessful because at the time of trial the serial number was still legible to the naked eye." *Id.* at 11. Appellant claims that "[t]he Commonwealth offered no expert testimony relating to whether or not the serial number was integral to the firearm in question or that the serial number had been obliterated, altered, changed, or removed." *Id.* at 13. He suggests that "if a panel of this Court reviews the three photographs [submitted as evidence,] as well as the firearm itself, [this Court] will conclude that this evidence does not establish the necessary element of alteration

_____

Statement, 3/31/2017, at 1-2. On April 28, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) which largely relied upon its earlier decision entered on February 9, 2017, but which further addressed Appellant's *mens rea* contention. Looking at the plain language of the relevant criminal statute, the trial court opined that "possession [alone was] sufficient to satisfy the statute [], without evidence that [Appellant] knew that the serial number was altered, changed, removed or obliterated." Trial Court Opinion, 4/28/2017, at 2.

beyond a reasonable doubt." ***Id.*** Next, Appellant posits that the trial court found him guilty based upon "mere possession of such a firearm without proof of *mens rea*" but "there was no evidence that [] Appellant either acted knowingly or recklessly with regard to the obliteration alleged in this case." ***Id.*** at 11. Appellant maintains that just because the criminal statute at issue is silent regarding culpability does not mean the legislature intended to dispense with such a requirement. ***Id.*** at 15. Further, Appellant argues that "most statutes prohibiting possession of a substance or object have been presumed to require a showing of knowledge of the presence and nature of the substance or item possessed." ***Id.*** at 16. Accordingly, Appellant asks us to vacate his conviction. ***Id.*** at 17.

Our standard of review regarding a challenge to the sufficiency of the evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the

- 5 -

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Storey*, 167 A.3d 750, 757 (Pa. Super. 2017) (citation and brackets omitted).

Here, Appellant challenges his conviction for possession of a firearm with altered manufacturer's number, which is statutorily defined as follows: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2.

Appellant relies principally upon our decision in *Commonwealth v. Smith*, 146 A.3d 257 (Pa. Super. 2016) to support his argument that the serial number on the recovered firearm at issue was legible and, therefore, there was insufficient evidence to support his conviction. In that case, a Commonwealth firearms expert testified at trial "that someone had clearly attempted to remove the number by mechanical means—most likely a grinder or some kind of circular tool—but that he was still able to see the numbers when placed under magnification." *Smith*, 146 A.3d at 263. In considering the totality of the evidence in that matter, we ultimately concluded:

> the expert's testimony confirms that the manufacturer's number on the firearm had been mechanically abraded to such a degree that it was no longer legible unless magnification was employed. This degree of degradation of the number—rendering it illegible by ordinary observation—satisfied the statutory requirement that an alteration or change to the number be apparent on the firearm. In this respect, the expert's opinion that the number had not been "altered" because it was unnecessary to use chemical means to enhance remnants of a number ostensibly removed did not bear

on the legal question of culpability under Section 6110.2, for it was not for the firearms expert to define any of the four discrete terms used in the statute. The value of his testimony, instead, lay in his reporting the means by which discernment of the number was capable, and his testimony that only extraordinary means—in this case, magnification—enabled observation of the number established culpability under Section 6110.2. Accordingly, Appellant's sufficiency argument as it pertains to the alteration of the manufacturer's number on his firearm is without merit.

*Id.* at 264.

Initially, we note that Appellant has not provided, and our independent research has not revealed, authority suggesting that expert testimony is required to support a conviction for possession of a firearm with altered manufacturer's number. While an expert was employed in *Smith*, expert testimony is not required. Moreover, while we concluded that the manufacturer's number was illegible to the naked eye in *Smith*, we also noted that there was substantial and apparent evidence of mechanical abrasion on the firearm.

In this case, the trial court opined that it did "not believe *Smith* should be read as broadly as [Appellant] urges[.]" Trial Court Opinion, 2/9/2017, at 1. The trial court stated that "even if the number was legible, and that is subject to debate, it has clearly been altered by abrasion." *Id.* at 2. Upon review, we agree with the trial court's assessment that the evidence was legally sufficient in this regard.

In ascertaining the legislative intent behind a criminal statute, we look at the statute's plain language. *See Commonwealth v. McCoy*, 962 A.2d

1160, 1166 (Pa. 2009). We recognize that the statutory language proscribes four, distinct courses of conduct -- altering, changing, removing or obliterating a firearm's manufacturer number. Of these terms, "removing" or "obliterating" suggest illegibility. *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 11th Edition at 856 (obliterate - to remove from existence: destroy all trace, indication, or significance); *see also id.* at 1053 (remove – to get rid of: eliminate). Whereas, the term "alter" is defined as "to make different without changing into something else[;]" change is defined similarly as, "to make different in some particular." *See id.* at 35, 206. We have solidified these distinctions in the four terms set forth at Section 6110.2 in our recent decision, *Commonwealth v. Ford*, 2017 WL 5379813, at *5 (Pa. Super. 2017). Thus, Section 6110.2 contemplates elimination of a serial number, but also encompasses physical action employed to make differences to a firearm's manufacturer number. In this case, upon review of the trial court's opinion and the photographs entered into evidence, it is clear that there are large, deep scratches running across the firearm's manufacturer number. We conclude that such evidence was sufficient to show that the firearm had been "altered" or "changed" by abrasion within the meaning of Section 6110.2.

Next, we turn to Appellant's argument regarding *mens rea*. In its brief to this Court, the Commonwealth avers that it "is constrained to conclude that the text of the [jury] instruction [regarding possession of a firearm with an altered manufacturer's number] is determinative" of Appellant's issue.

Commonwealth's Brief at 6. The Commonwealth points to the standard jury instruction for 18 Pa.C.S.A. § 6110.2(a) which states as follows:

1. The defendant has been charged with possession of a firearm with an altered manufacturer's number. To be found guilty of this offense, you must find that the following elements have been proven beyond a reasonable doubt:

   First, that the defendant possessed a firearm. For the person to possess the firearm, he or she must have the intent and power to control the firearm.

   Second, that the defendant possessed the firearm **either knowing or recklessly disregarding** the fact that the manufacturer's number that is integral to the frame or receiver of the firearm had been altered, changed, removed, or obliterated.

Commonwealth's Brief at 6, *citing* Pa.S.S.C.J.I. for 18 Pa.C.S.A. § 6110.2(a) (emphasis added). Accordingly, the Commonwealth acknowledges that it "would be hard pressed to argue that there [is] no need for a *mens rea* element when the standard jury instruction indicates to the contrary." ***Id.*** However, "the Commonwealth disagrees that [Appellant] is entitled to have the charge dismissed" and, instead, suggests that "where the fact-finder did not require the Commonwealth to establish the critical elements of the crimes charged beyond a reasonable doubt[,]" a new trial is required. ***Id.*** at 7.

This Court has recently addressed this precise issue, opining that "the Crimes Code **requires** that the Commonwealth prove that a defendant acted intentionally, knowingly, or recklessly with respect to the obliterated manufacturer's number on the firearm." ***Commonwealth v.***

***Jones***, 2017 WL 4707410, at \*5 (Pa. Super. 2017) (emphasis added). More

specifically, in ***Jones***, we determined:

> It is well settled that the absence of a mental culpability requirement in a criminal statute does not indicate that the legislature intended to dispense with the element of criminal intent. ***See Commonwealth v. Gallagher***, 592 Pa. 262, 924 A.2d 636, 638–639 (2007) (mere absence of express *mens rea* requirement in statutory crime is not indicative of legislative intent to impose strict liability). Rather, "there is a long-standing tradition, which is reflected in the plain language of [§] 302, that criminal liability is not to be imposed absent some level of culpability." ***Id.*** at 639.
>
> Section 6110.2 does not specify the degree of culpability, or *mens rea*, required to sustain a conviction. Section 302 of the Crimes Code, however, provides additional guidance:
>
>> **Culpability required unless otherwise provided.**—When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.
>
> 18 Pa.C.S. § 302(c). Intentionally, knowingly, and recklessly, in turn, are defined as follows:
>
>> **(b) Kinds of culpability defined.—**
>>
>> (1) A person acts intentionally with respect to a material element of an offense when:
>>
>>> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
>>>
>>> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>>
>> (2) A person acts knowingly with respect to a material element of an offense when:

- 10 -

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(1)-(3).

*Jones*, 2017 WL 4707410, at *4–5.

Moreover, we have previously concluded:

[A]s a general principle, absolute criminal liability statutes are an exception to the centuries old philosophy of criminal law that imposed criminal responsibility only for an act coupled with moral culpability. A criminal statute that imposes absolute liability typically involves regulation of traffic or liquor laws. Such so-called statutory crimes are in reality an attempt to utilize the machinery of criminal administration as an enforcing arm for social regulation of a purely civil nature, with the punishment totally unrelated to questions of moral wrongdoing or guilt. Along these same lines, an additional factor to consider when determining if the legislature intended to eliminate the *mens rea* requirement from a criminal statute is whether the statute imposes serious penalties. The more serious the penalty, such as a lengthy term of imprisonment, the more likely it is that the legislature did not intend to eliminate the *mens rea* requirement (unless the legislature plainly indicates otherwise in the language of the statute, as for statutory rape).

- 11 -

*          *          *

Often, intent cannot be proven directly but must be inferred from examination of the facts and circumstances of the case. We must look at the totality of the circumstances to determine if from Appellant's actions we can infer the requisite *mens rea*[.] When examining the totality of the circumstances to determine if there is sufficient evidence from which a [fact-finder] could infer the requisite *mens rea,* we must, as with any sufficiency analysis, examine all record evidence and all reasonable inferences therefrom. We will only reverse if the trier of fact could not reasonably have found that the evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to prove guilt beyond a reasonable doubt*.*

**Commonwealth v. Pond**, 846 A.2d 699, 706–708, (Pa. Super. 2004)

(quotations, original brackets, footnote, and some quotations omitted).

Ultimately, in **Pond**, we determined that if the Commonwealth presented sufficient evidence of *mens rea*, despite the trial court's failure to recognize culpability, or to charge the jury regarding that element of the charged crime, then a remand for a new trial is necessary because an instructional error resulted. **Id.** at 707. If, however, the Commonwealth failed to present sufficient evidence of the *mens rea* element, regardless of any instructional error, then we are required to reverse the judgment of sentence. **Id.**

Here, the Commonwealth charged Appellant under 18 Pa.C.S.A. § 6110.2, graded as a second-degree felony. A defendant convicted of a second-degree felony faces a statutory maximum sentence of ten (10) years' imprisonment. **See** 18 Pa.C.S.A. § 1103. Despite the Commonwealth

not having the benefit of our decision in **Jones** at the time of Appellant's trial, this was not a traffic or alcohol related offense and Appellant faced a serious, lengthy term of imprisonment, which made it likely that the legislature did not intend to eliminate the *mens rea* requirement from Section 6110.2. Thus, the Commonwealth needed to prove *mens rea* beyond a reasonable doubt to support Appellant's conviction for possession of a firearm with altered manufacturer's number.

After the close of evidence, the Commonwealth made the following argument to demonstrate that Appellant acted recklessly:

> Does [Appellant] know [the alteration of the firearm manufacturer number is] there? God, I don't know how you could load the gun without seeing it […] the gun's loaded. How does he not see the serial number? If we want to import a *mens rea*, fine. At the very least, **he's reckless with respect to whether it's there or not**.

Commonwealth's Brief at 6, *citing* N.T., 11/16/2016, at 69-70 (emphasis added).

Upon review, even when we construe the evidence in the light most favorable to the Commonwealth, we disagree with the Commonwealth's argument that evidence that the firearm was loaded was sufficient to support the *mens rea* element of Section 6110.2. "**A person acts recklessly** with respect to a material element of an offense **when he consciously disregards** a substantial and unjustifiable risk that the material element exists[,] considering the nature and intent of the actor's conduct and the **circumstances known to him**[.]" 18 Pa.C.S.A. § 302(b)(3) (emphasis

added). "When the culpability sufficient to establish a material element of the offense is not prescribed by law, such element is established if a person acts intentionally, knowingly, or recklessly with respect thereto."   18 Pa.C.S.A. § 302(c).

Initially, we note that there was no direct evidence that Appellant physically altered the manufacturer's number on the firearm at issue. Instead, the Commonwealth presented evidence that when police recovered the semi-automatic firearm at issue, it was loaded with a magazine containing ten rounds of ammunition.   N.T., 11/16/2016, at 24.   However, the Commonwealth did not present direct or circumstantial evidence that Appellant loaded the firearm himself or otherwise had knowledge about the alteration when he came into its possession.   Thus, there was simply no evidence that Appellant knew about alterations to the firearm, and then consciously disregarded them, as required for the Commonwealth to prove reckless conduct under Section 6110.2.   At best, the Commonwealth merely presented evidence that Appellant possessed an altered firearm which was loaded.   As we have previously stated, mere possession of the altered firearm is not sufficient to support Appellant's conviction.   We cannot accept the Commonwealth's suggestion that Appellant was reckless regardless of whether he knew about the alteration when he came into possession of the firearm. The Commonwealth was required to show the circumstances known to Appellant regarding the alteration and then prove that Appellant consciously

disregarded the physical condition of the firearm. Upon review, the Commonwealth did not meet its burden.

Accordingly, in the case *sub judice*, because the Commonwealth failed to produce evidence of Appellant's culpability, we are constrained to vacate Appellant's conviction for possession of a firearm with altered manufacturer's number and the Commonwealth is not entitled to a re-trial on that offense. However, because we are vacating a conviction in a multiple count matter where the trial court imposed a consecutive sentence, we have upset the trial court's overall sentencing scheme, and we remand for resentencing. ***See Commonwealth v. Conaway***, 105 A.3d 755, 765 (Pa. Super. 2014). Furthermore, we affirm Appellant's convictions for firearms not to be carried with a license, possession with intent to deliver heroin, simple possession of heroin, possession of a small amount of marijuana, possession of drug paraphernalia, attempted escape, resisting arrest, and disorderly conduct.

Conviction and judgment of sentence vacated for possession of a firearm with altered manufacturer's number. All remaining convictions affirmed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/17

- 15 -